Good morning, Your Honors. Mary Christine Stenguyla of Haines & Boone on behalf of Appellant Nabors Completion and Production Services Company. I would like to reserve three minutes for rebuttal. This court should reverse the district court's order and require this wage and hour dispute to be arbitrated as the parties agreed. Established case law and the policy of the FAA favoring enforcement of arbitration agreements as written compels that result. Plaintiffs have not carried their burden of establishing that the agreement is unenforceable. To do that, they must show that it's both procedurally and substantively unconscionable. That is, that the agreement was both obtained by surprise or oppression and also contained overly harsh or one-sided provisions that shock the conscience. First, procedural unconscionability. There was no surprise or oppression. Notice of the dispute resolution program was expressly set forth in documents that the plaintiffs assigned both at the time of their application and at the time of the plaintiff. Along with a whole lot of other documents and you know it's it's not first and foremost and it wasn't explained to them specifically and as it has been in some other cases where we've said there was no unconscionability. Well but there is the the case law, the California Supreme Court's decision in Balthazar does indicate that when you have a take it or leave it provision in connection with employment that there may be some very low level of procedural unconscionability. There is some level of procedural unconscionability. My question, because your time is not too long, I'm not as concerned with unconscionability as I am with the what is the correct analysis of the PAGA claims. We know that PAGA claims can't be waived but that doesn't mean they can't be arbitrated necessarily. And as I understand it it's a little bit like well that the state has necessarily declined to prosecute these claims and so it's left to if someone wishes to do it as a private attorney general they can. So what's your best understanding of what happens to these claims whether they can or cannot be arbitrated? Okay well I do I agree with you that Ascanian and Sakab both within their holdings only discussed that the first question that you mentioned which is hey you can't completely give give up these claims. You cannot waive entirely the PAGA claims and those are that's the government holdings. So the PAGA waiver in the arbitration agreement is unenforceable? Under Ascanian and Sakab. Are these claims arbitrable? Well yes we have we have an alternative provision if the the collective and class action waiver. The question I think we're both asking and I don't doubt that the arbitration agreement says they're arbitrable. My question is are they arbitrable in the nature of the claims? These are claims by these are the claims which are being brought by a private attorney general. The state has consented to let the private attorney general bring them but has the state consented to arbitration? Well and I I do understand although we we have not briefed the cases that have come down since our since our briefing ended there has been quite a few. There's a couple of members that say they're arbitrable that you can't order them to arbitration but but that they're not precedential. Right. So the given the strange nature of these PAGA claims it's really just it's they're like KTAM claims. Are KTAM claims arbitrable? Yes some recent case law including a decision out of the Southern District of Ohio indicates that. Which we always follow. I'm just saying I'm referring to your colleague from Ohio so so yes in fact some some courts have found that they are arbitrable and likewise the PAGA claims should be arbitrable. I have a question too about the passage in SACOB that suggests that the parties are free to agree to arbitrate such claims but I was not clear whether that counts as dictum or whether that is in some way more binding. It's certainly a suggestion but. Well Anaskanian has the same language right we really don't sort of care which way you go as long as you're able to bring these claims somewhere. Well and that's what Tom suggests too. Here's my difficulty to respond to it because there is plenty of authority to support your point. The result in this case will bind the state of California with respect to those PAGA claims. It won't bind any individuals because they they retain their individual causes of action but it will end the PAGA case. Agree? If this is arbitrated whichever way it comes out it will bind the state of California and no second PAGA case could be brought. The Attorney General couldn't wake up the next day and say oops I passed up a big opportunity. This was arbitrary you'd come into court and say it was many opportunities. My concern and the one I want to try to respond to is that when the Attorney General said to the plaintiff in this case I'll give you my rights to bring the PAGA claim did he also say and I'm perfectly happy if they're arbitrated as opposed to brought in court. Well does he does he do that with the knowledge that whatever rights and obligations the plaintiff has he has to his PAGA claim. Well and as this court has noted in in the Porter versus neighbors decision the plaintiff pursues the PAGA action quote in his own name exercise complete control over the lawsuit and is not restrained by any provision of the PAGA statute from settling or disposing the claim as he sees fit. Absolutely agree and therefore I'm moving back in time. The Attorney General at some point state says to the PAGA plaintiff go bring this case we're not going to bring it right. They have to go to ask for permission to bring it. They they have to give the attorneys that the state the opportunity to do its own citation if it wants to. Now the state unlike a False Claims Act would not is not part of the you know an active part of the litigation after that and also prior to that if the government itself wanted to to get these penalties it would neither have to arbitrate nor go to court it would just say we're citing you for these penalties. So this is actually arbitration or litigation is more than the state would actually get if it were doing it itself. But you do agree that the result in the case would preclude a second suit by the state? For the exact same violations. Well I think the California Supreme Court case law says that. Yes I mean under governing case law. Yes but but I think the question is at which point do you look at this question in other words did did the did the plaintiff have the the power to you know bind the state to this particular method of proceeding? I think the answer goes back to at the time that PAGA was for this right the legislature said you have the potential to have this claim and at that point and and they and each individual plaintiff has to have that claim themselves in order to bring a PAGA claim. It is not purely on behalf of the state is not purely on behalf of others. I understand your point but a second plaintiff once this PAGA claim is is litigated or arbitrated and the award is that's that's California law. The second plaintiff could bring a claim on his own behalf for injuries that he or she suffered but they couldn't bring a PAGA claim on behalf of the state for penalties. Well assuming. The suit is preclusive it's done. Well assuming that to the extent the PAGA claims are the representative PAGA claims. But they're all representative PAGA claims. Nobody brings an individual PAGA claim they're bringing a claim on behalf instead of the state attorney general seeking penalties. The statute gives them a bounty for doing so but it's not their individual claim. Well the labor code says that a PAGA action may be brought by an aggrieved employee on behalf of himself or herself and other current or former employees. So there is actually there are actually two components. I think I agree with Judge Hurwitz. Once it's brought it's brought and it operates the same way as issue preclusion or claim preclusion. Correct. There can't be a second PAGA action. Let's assume this one went through to completion in arbitration. An award was given. I don't care which side wins. Somebody goes to court and confirms the award. That's the end of PAGA for this set of alleged violations is it not? By this individual the state or any other individual. Well to the extent that right that this on behalf of others. You can't have an individual PAGA claim. There are no individual. It's a representative. It's an action on behalf of the state seeking penalties. The state's claim to get penalties is extinct. I mean you've said so. It's extinguished by the PAGA action. There can't be a second individual PAGA action later on based on the same violations that are being alleged here. I hope your clients got to hope that because you know you don't want 500 employees bringing PAGA actions. And you could have inconsistent results. You have used up your time. We'll give you a minute for rebuttal when the time comes. Thank you. We had a lot of questions. We'll hear from Mr. Wickham. Good morning your honors. My name is Douglas Wickham and I represent appellants Tidelands and the City of Long Beach. In my instance my client is sued in this action in a declaratory relief claim relating to a contract between Tidelands and the City of Long Beach to determine at least according to the plaintiffs that that agreement is subject to the prevailing wage laws of the state of California. My client was sued in this case because we are a general contractor to neighbors and so on the one hand they are asserting the PAGA claims and other claims against neighbors and then at the same time they're seeking a declaration that the main contract between the City of Long Beach and Tidelands is a prevailing wage contract. My clients are entitled to take advantage of and to enforce the dispute resolution program by the very terms of the agreement that my client is an attended third-party beneficiary of the agreement. If you look at the definition of the company the definition within the DRP itself necessarily includes anyone who is alleged to be jointly and severably liable with neighbors. Also separately the definition of the company says that neighbors as agents are also within the ambit of the defined term company and in plaintiff's complaint in the action in the trial court they specifically allege that my client is jointly and severally liable with neighbors as well as that my client... I guess this is a question that should go to your opponent but the way I read the briefing is there really an argument that if the dispute between neighbors and the plaintiff has to go to arbitration that the that your dispute doesn't go along? Judge Pregerson did not rule on that issue? That's what I'm saying. Judge Pregerson went straight to the issue. It seems to me just derivative maybe I'm wrong maybe the other side has another argument but isn't it just derivative of the question of whether or not the plaintiff's dispute with neighbors goes to arbitration? We would agree because this panel has to no overview over the matter rather than sending it back to the trial court to resolve the issues that had not previously been resolved we're asking the panel actually to... So enlighten me on the record below did your opponent argue below that even if neighbors is entitled to arbitration you're not? He did your honor and and his arguments below dealt with his assertion his arguments below as well as in this court he was they were arguing that my client was not a so-called electing entity and and because my clients were not an electing entity they were not able to... Even if you're not entitled to arbitration wouldn't the appropriate thing to do in this case be to stay any litigation pending a determination of whether or not in the arbitration neighbors had violated any agreement with... Well we would assert that because the declaratory relief claim is asserted both against neighbors as well as as well as against my against my clients that that that claim if it's arbitrable then my clients also under the doctrine of equitable estoppel should be able to enforce the arbitration agreement and participate in that. My clients are very interested in the issue of whether and to what extent the the contract between the city of Long Beach on the one hand and Tidelands on the other hand is a prevailing is a contract which calls for the prevailing wage and so as a consequence because... You want to participate in the arbitration? Well because all of these... That's exactly right and because all of these issues are intertwined under the doctrine of equitable estoppel that's an additional reason why it is that we're entitled to enforce the agreement. Turning to the... And I will assert that we had made the various arguments about why as a non-signatory to the agreement we're entitled to enforce it because we're an intended third-party beneficiary because of the doctrine of equitable estoppel that those particular points and those particular arguments were not opposed in Appley's brief so... That's why I was asking the question. Judge Pregerson didn't rule on it. There doesn't seem to be a counter-argument from the other side so I'm just trying to figure out whether this is an issue that's really contested anymore. We want to make sure that we if the court is inclined to reverse the district court that that it do so and that we send the claims against my two clients to arbitration as well. With regard to the validity of the arbitration agreement itself, starting backwards in time, the issue of severability is one that has not been fully explored in federal courts more so it has been in the California Supreme Court. That starting with the Armendariz decision back in 2000, the Armendariz court had directed that when you if you were to find the agreement was substantively or unconscionable that there still is a general direction that the agreement should be enforced if the provisions are severable. So I'm interested in that we have two provisions here that the other side says are unconscionable, well three, but let me focus on two of them. One of them says basically everybody bears their own costs in the arbitration but for the payment of the $150 fee. If we severed that what would what how would cost be allocated? No we're not we're not entitled to rewrite it, all we're entitled to do is sever something. If we were to sever it what would how would the how would cost be allocated in the arbitration? The answer is straightforward, your honor, that those provisions dealing with allocation of fees and costs in the first place they don't all eliminate them. Several of the provisions say except as ever otherwise provided by law and with regard to the expenses. It would either go back to the statutory default or if there isn't a statutory default it would be up to the arbitrator. You say leave it up to the arbitrator but we have a commandment in the arbitration agreement under section 8 where the arbitrator shall have the authority to award any relief to a party which necessarily includes cost shifting at the end of the case. So if there isn't an except as provided by law which tells you go look at the statute then it's up to the arbitrator. That's correct, your honor, that we would we would presume that the arbitrator will be doing his or her job in these instances and that they would not be violating the law. That would be inconsistent with the expectations. Were we to sever the what I would call the discovery provision which is the provision that provides for limited discovery and then more at the discretion of the arbitrator. Were we to say that we're unconscionable. I'm not saying we are going to. If we were to sever that what would what how would the arbitration proceed with respect to discovery? Is there any backup? Once again you revert back to the scope of the arbitrator's authority. The arbitrator is bound by and shall apply applicable law to the extent that the California Supreme Court's decision in Armendaris is the controlling law which at least at this point it continues to be. We do have arguments about Concepcion but Armendaris commands that in arbitration the litigants the plaintiff if they are asserting particular types of claims is entitled to adequate discovery in order to be able to vindicate their claims. What's puzzling to me is that I don't read the discovery provision to differ from that in any way. Basically what it says is here are things you get as a matter of right. You get a list of witnesses. You get a list of documents and for the rest of your discovery the arbitrator can control the form and the timing and the scope. So it assumes there's more discovery. It just says you know the arbitrator like any judge can say well it's not endless why don't you do it by you know two months from today or whatever. I just don't see it as being different in any way from what would happen in court. You're completely correct your honor. I mean the provision does provide for exchange of in from you know the names and addresses of witnesses with documents. That's that's directly analogous to federal rule 26a where you also have initial disclosures. The balance of the discovery provision says that it will be governed by and the tools available under the federal rules of civil procedure subject to the arbitrator's discretion as to the form frequency and content of the discovery. What limits the arbitrator's discretion because it almost seems that the arbitrator could have carte blanche which could create a whole different set of problems for litigants particularly. Yes and no your honor. Once again the arbitrator by this agreement which if the arbitrator varies from the agreement then the the arbitration decision would be subject to vacature. The arbitrator is bound to apply the applicable law. So at a minimum the minimum standard that the DC circuit articulated in Cole. The sufficient discovery that the California Supreme Court articulated in Armendaris that is the applicable law and at a minimum the arbitrator would have to comply with that and and order that that that minimum. I would go one step further that that we or our courts shouldn't have a presumption that perform the challenges of the responsibility and that they are going to act reasonably under the circumstances. If so if it turns out that the plaintiffs needed more discovery they needed ten depositions or seven depositions or something like that we should presume that the arbitrator will do his or her job will exercise their discretion in good faith. There is nothing that is baked in that would make sure that burden on employees. There's baked into California and federal law on that subject from Armendaris that at a minimum it will not unfairly limit the employees discovery. There's probably no similar protection. That's an arbitration specific rule though so if we were to find that it made this unconscionable we then have to get to your conception arguments. If your honors were to determine that that's an arbitration specific rule then that eliminates the unconscionability. Well it depends if we don't find that unconscionable we don't need to worry whether it's an arbitration specific rule. Yes your honor I see that my time is up. It is and you also may have one minute for rebuttal if anything comes up that's about your issues as well. Mr. Donohue. Good morning Richard Donohue for the Plaintiff's Senate Appellants. I'd like to start with what the court was talking about on the discovery statute because it's the point that was just being made. If you read the arbitration agreement in that section carefully what it says is a party only has to produce what they intend to use in the arbitration. It says that it's subjective what they intend to use. I'm a Most of the documents that I need will come from them to prove my case. I understand but it also says that the arbitrator may in his discretion. Determine the amount of discovery which is the same thing as saying the arbitrator may in his discretion deny all discovery. But it's it's it reads in such a way that it because it says that the arbitrator can determine the format the timing and scope but that just presupposes that there is discovery otherwise it has no timing or scope or anything else. This is a clause drafted by the employer's attorneys that says that the parties will give what they intend to put on at trial not what the other side wants which is real discovery but what they any discovery as to the amount shall be in the discretion of the arbitrator. But the arbitrator can expand that using that full and fair exploration of the issues. And can deny it to zero and that's the point of Cole and Armendariz. Okay so I want to ask you about Cole and Armendariz. Let's assume you're right. Let's assume that Cole and Armendariz say that this kind of clause in an on it in Concepcion. Then we have a rule that applies only to arbitration agreements and Concepcion tells us we can't enforce those. Well we may have to address that. Well you try it out. Right right well we we don't think that the Concepcion should apply and I know that I think the Supreme Court is going to deal with that probably sooner than rather than later. But but doesn't doesn't Concepcion flatly say that when you have a state rule whether it's common law rule or a statute that applies only to arbitration the Federal Arbitration Act preempts that. To distinguish it would be to say it's in the consumer context has not that point has not been necessarily applied in the employment context which I think you know we could go on about all the differences between those two contexts but here you're talking about someone's livelihood who they're trying to get a job they're trying to apply. Well I guess I just have trouble reading the discovery provision as you do because it's only subsection A that says the party submits its own intended list but subsection B is separate and it doesn't say anything or suggest anything about being only what the party wants to let you see. It doesn't suggest that at all it presupposes that there's ordinary discovery just like in court. Well I I would submit that if it said the employee shall be entitled to minimum discovery that the arbitrator believes is necessary to vindicate their statutory right. Well that would be one way to do that would be one way to do it when you take the bottom minimum of discovery to to allow an arbitrator under the terms of the agreement to go to zero. See I don't read it as doing that at all that's what because there are separate sections one says you must give the list of witnesses and the documents separate section says the the form and scope of discovery is to be at the discretion of the arbitrator that presupposes there's a lot of stuff not covered in A not what you intend to give us a list. And and and I'll leave that with the respectful disagreement your honor only because it takes it in my opinion down when it says the arbitrator can determine the amount of discovery and it doesn't say anything about a minimum. Can a federal district judge do that? We have we have 26 A which says here's the mandatory discovery and then there's all sorts of provisions for in our rules but they're all subject to the order of the court. Can a federal district judge in a case say after mandatory discovery you come to me and ask for permission before you do anything else? Well that would have to be a motion for good cause to be a protective order because as it is now the statute provides that you get discovery under the civil discovery. But this also presupposes that you get discovery and the arbitrator cannot no discovery it doesn't say that it says form amount and frequency so there has to be some amount there has to be some form and there have to be has to be some frequency. I want to move to my other points I just believe that when it says the amount it's leaving the discretion to the arbitrator to say none and I think that would be unconscionable. But talk about your cost issue because I is that each party bears its own cost. That's what this agreement provides and so tell me what tell me what California case says this is unconscionable. Well Armendariz says it it says that any cost or any any any cost to allow that to burden a plaintiff to vindicate their statutory right. The cost that Armendariz talks about are entry costs. Those are costs in other words I have to pay the arbitrator in order to in order to get into court and I don't have to pay a judge in order to get into court except for a filing fee. So tell me a case that says that that the inability to tax expenses during litigation is unconscionable. I believe Armendariz goes to more than just costs and I want to talk about what the judge. You agree you can get attorney's fees if you win? No and that's what I want to talk about because I made this argument below and Judge Pregerson did not address it. What if we said you can get attorney's fees if you win? Wouldn't you like that? Sure but here's the problem. So if we say that then you've got no complaint. No well here's the here's the problem. What we're what we're looking at here is whether or not this agreement was drafted with unconscionable terms that were unfair one-sided and and what this is an even this is an even-handed term. It says that neither side may either each side will bear its own costs in litigating correct? This is what it says. Not a one-sided term. As to fees. This is what it says to fees 30 section 32 B all attorneys fees shall be borne by the party incurring them except as otherwise provided by law by the program or in the award of the arbitrator. So or wait so if you're entitled to fees as a matter of law then you then you can get them? I right? This yes or no question? No. So if you're entitled to fees as a matter of law the care about the law? That's what the agreement says. No it says it's the arbitrator shall not have the authority to enbridge or enlarge substantive rights available under applicable law. Okay and you're reading on section 30 which is a general a general right you have a specific fee you I just don't understand. Don't you want to be able to recover fees? I do. The other side says you can. I do. So why don't we both just agree with you and say you can recover fees? In California including under the statute we brought there are one-way fees so if my client loses my client does not have to pay their fees they're one-way fees. And if they award fees against your client then they will be breaking the law and you can come to a district court at confirmation and say they're not awarded. And the district court will read the sentence and the section 32 it's the or in the award of the arbitrator it's the or that word or allows that word or allows the defendants. Notwithstanding the other provision that says the arbitrator is bound by all provisions substantive provisions. And this is more specific because it's as to fees. So if he can ignore the law as to fees and award fees. That's what this says. This says all attorneys fees with drafted by the employer all attorney fees shall be borne by the party incurring them except as otherwise provided by law by the program or in the award of the arbitrator. So you think if it's provided by law the arbitrator can ignore the first clause and go directly to the third? Correct and that is substantively unconscionable to allow an arbitrator to say. Why why should we interpret this agreement to lead to that ridiculous result? Why shouldn't we as Judge Pregerson did interpret the agreement to say no no you the fee award must follow the law not the whims of the arbitrator. But if if an agreement. And if we say that then the arbitrator would be bound by that. Okay so what does I would submit what does or in the what does or mean? Well to me it means if the law doesn't tell you what to do the program doesn't tell you to do the arbitrator can think about it and figure it out. It's it's hierarchical it starts with the law and if that doesn't answer it you go to the program and if that doesn't answer it the arbitrator can think about it. I would submit that in in the way that that is drafted in the in the in the disjunctive or in the award of the arbitrator at the very at the very best it's vague. Okay well if we were to say what we've just set up here in a in a decision of some sort the arbitrator couldn't go anywhere else but there right? That's correct okay but but what we end up what if the court is having with all of these provisions to rewrite or strike or sever or this you're essentially rewriting an arbitration. In your favor. Why can't we just excise the clauses that are arbitration agreement intact? Well in what I would submit that is the appropriate way to look at it is to take all of these provisions and include it in the sliding scale analysis of the procedural and substantive unconscionability and then decide whether or not the agreement is unconscionable. Well let me move you to another issue because I'd like your take on it as well and that has to do with how we should treat the PAGA or PAGA however you pronounce the claims. We know they can't be waived does SACOB force us to say they're also arbitrable? I don't believe they are arbitrable because I do not believe that there's any agreement by the state to an arbitral. Why isn't the state when it when it didn't respond to your claims why hasn't the state given up any of its rights and just made the PAGA claim subject to whatever obligations that your client has? In other words the state has basically said I don't care you can bring it and we're not going to monitor it we're not going to supervise it and now it turns out that the guy they let bring it has an arbitration agreement. Why should they care? Actually they do care because they get 75% of the money and they are monitoring settlements and they are attempting to use this to fund their enforcement. But why do they care about the forum if they've given up the right to bring it? Well I I don't believe that they have I I would submit that if they had wanted to allow these things to be arbitrable that they could have easily included that within the ambit of the statute under the private Attorney General's Act to allow those things. But they don't expressly disallow it either they just don't say. Right but I think arbitration I think the law would say that in order for something to be arbitrable there has to be a mutual assent and there's no mutual assent of the state of California and I think that's what Judge Pregerson was how he was reading Iskanyan with respect to that and the other and that's how Iskanyan I believe it interprets it is that. What do we do with the phrase in SACOB where it says this does not mean that a rule declining to enforce waivers of PAGA claims interferes with the FAA in any meaningful sense since unlike class claims parties are free to arbitrate them using the procedures of their choice. Well I don't think that's the holding of it I would call that dicta and I don't think that there that any court has issued a ruling stating that PAGA claims as a matter of law are arbitrable on a representative basis on behalf of the state of California and that and that by being silent on the issue the state has their therefore waived or or given or assented to the to the arbitrable of their other claims. The state has remedies the state can say when it gets your notice are you subject to an arbitration agreement if so we're not going to give you permission to bring this. Right and and they haven't but in in my humble opinion that that's not assenting to arbitration and I think that until the legislature amends 2699 and says PAGA claims may be arbitrated on a representative basis. But what the individual pursue the claims the state is not assenting to a place or a forum the state is assenting to a person and that seems different to me. They're not assenting to arbitration. Well if they're assenting to a person bringing a claim however that person wishes to bring it why not? Well because they have to assent to that and I think the way that it's read and drafted is is not assuming any alternative dispute resolution it's. Why do you assume that they're assenting to a person's ability not to there's nothing that I see in there that that limits where the person can go to assert that claim. I'm out of state that arbitration is a matter of contract it's not a matter in which no interest can be vindicated. We are right that you can't waive those packets. Right but but you still haven't told me anything yet other than because discomfort perhaps why these claims can't be arbitrated it's just a matter of a forum. To say that as the right of the Labor Commissioner can be arbitrated without the assent of the Labor Commissioner or the state would in my humble opinion be new. Can the decision of the arbitrator be binding? Well I think if an arbitrator's decision that binding to the state. On a public claim if it went through arbitration it would be binding on the parties right? It may be by they would purport it to be binding on the state of California and that's what I think is the whole problem. So what one of the strange things about this case is you you're here see you're representing the plaintiffs the individual plaintiffs. Why do you care if it's if the state of California is discomforted? They've given you permission to bring the action you bring it in arbitration you win or lose. Why are you why are you here vindicating the interests of the state of California? Well I'm vindicating the rights of the state of California to obtain the penalties. I know but you're representing a bunch of individuals who have a perfect ability to pursue the remedy in the forum that they signed up to do it in. The state of the agreement become unconscionable because your clients are able to pursue the rights of the state of California in arbitration? Well the question is whether or not the PAGA claim in that regard is waivable and and and. Well I'm do waivable is you so so I understand why why you get to say it's not it's not waivable because your clients are directly affected by that but why are your clients directly affected by where it gets litigated? Well with respect to the arbitration agreement it is much more difficult to vindicate the statutory rights under this arbitration agreement for all the reasons we've already articulated. Here's a theoretical question for you. Could these individuals settle their PAGA claims if they wanted to? Well the yes or no question. Can they settle them? The law says they can. Okay so if they can settle them and have no forum at all and maybe give away part of the state's opportunity to collect 100% why I don't see you theoretically why this is any more onerous on behalf of the state when they give you permission to pursue the claims as you see fit. I'm not standing for the Attorney General in in in this in the PAGA claim. Does the state have to approve a settlement? In a PAGA claim they do have to get notice of it they don't have to get approved they don't approve it. Why don't all their rights be vindicated if you you go into an arbitration you settle their PAGA claim you give them notice they have the ability to come in and say no right? They get notice. And they can come in and say no we don't approve the settlement? Technically they could. Your clients are not any worse off in arbitration of a PAGA claim than in any other forum is that right? We believe that the arbitration forum is disadvantageous is not advantageous or is not equal to the same as we would have if we were litigating in court. Well in answers to Judge Hurwitz's question it all seems the same it whether it's arbitration or otherwise I still don't know any palpable terms in which your clients are disadvantaged. Well if they go to arbitration and being able to litigate a claim in court I mean you know under the I mean the outcomes are equally binding right? Yeah unfortunately the Supreme Court's told us that you can't tell us that courts better than arbitration so you have used up your time but I do want to get your position on one thing and that is the standing of Tidelands to participate in arbitration if that is what turns out to be the case. What we brought was a declaratory relief claim we didn't bring the wage claims against Tidelands and the city of Long Beach the issue of whether or not. Oh but you allege in the complaint that the Tidelands and the city of Long Beach are agents of neighbors. What we say is that the parties are agents of one another technically a closer analysis would be that neighbors who was a subcontractor to Tidelands is the agent of Tidelands because the contract is between the city and Tidelands. Well we take your complaint on face value at this stage of the proceedings and since you've alleged that they are agents I don't understand how it is that they would be excluded from the arbitration. Well we think that the declaratory relief issue of whether or not the public the project is a public work should be resolved by the court and that and that they're not technically a party to the arbitration agreement because the agreement. Do you think that two separate so let's assume that we order your individual clients to arbitration you think your clients get to arbitrate a claim against neighbors about whether they're entitled to prevailing wages because this is a public project but the court at the same time will making be making a separate determination between your clients and Tidelands in the city about whether they're subject to the prevailing wage statute? We would ask the court to bifurcate it to determine the declaratory relief issue first and then determine whether or not this is a legal it's a legal issue so to determine whether or not the project is a public work which which which is the only issue in this case which is period right well there's issues relating to amounts of damages and things like that but a definitely it's not good for you I wouldn't say that because there are potential other arguments to make but it would be devastating if you're not subject if the employers not subject to the prevailing wage statute you don't prevail on that cause of action that's correct and but and so the way we had approached this was we didn't we thought the the arbitration agreement was one point on the very quickly on the procedural unconscionability what I think is critical the plaintiffs have to agree to the arbitration agreement as a condition of applying for employment not as a condition of employment and that one page that first page that they have to sign when they apply says the agreement may be may be available for you but it's not presented to them and so my argument procedural unconscionability is when you look at it from that context it's actually very high procedural unconscionability thank you counsel each of you has one minute for rebuttal so one minute two points quickly first with regard to Paga if the plaintiff can settle or dismiss a Paga claim and also as this it also has the authority to bind to this date to a forum and the language from SACOB that Judge Graber cited supports this position secondarily with regard to the Paga question which has been quite a point of discussion today it's a very dynamic area of the law there have been a lot of as Judge Hurwitz noted some of them disposed by this court one as recently as Friday on this point and there have been many decisions by the California any California court on this issue the one that we're talking about whether or not Paga claims are arbitrable there have been actually decisions really all over the map with regard to how to interpret I'm just I'm I tried to do some research and I'm unaware of any aren't you aware of any there are some that analyze the issue in terms of pre dispute versus post dispute and the power of the of the plaintiff to bind the state with regard to that those I know but are there any specifically about arbitration yes specifically that say that Paga claims are subject to arbitration or not or not depending on how they look at the question given some of the dicta in Ascani and some of them do I know I'm aware of our decisions and I'm aware of the California Supreme Court decision may I ask you are there any California Court of Appeal decisions addressing this issue yes there are some that approach it from as I said from different angles specifically about arbitrability yes with regard to whether plaintiffs can bind by pre dispute or post dispute no that's a separate issue my question is is there a case that either says Paga claims are arbitrable or they're not arbitrable no I didn't think there was one no but what I was going to request was if you are very interested in this that we we the parties have not really fully vetted all these cases because many of them came after our briefing so if you are interested you have the ability under 28J to file supplemental cases yeah I understand that but at this point I'm not inclined to ask for a supplemental briefing we'll consider your request thank you counsel a few quick points your honors the claim with regard to the declaratory relief claim the contract as a whole is a very large project it deals with the oil drilling down in the lands in Long Beach as well as you know certain other projects that are going on there the issue involving neighbors is a very small subset is a small subset of that entire thing so whether and to what extent the work that neighbors was doing is one that was on a public work or not will be an issue that will impact the claims against neighbors and it is a very smaller subset about the entire contract it may not resolve whether all work on the project that's completely right your honor but the point is that they're inextricably intertwined and where the claims against my client are inextricably intertwined against the claims with the party with the arbitration agreement then the doctrine of equitable estoppel would say that we are entitled to enforce the arbitration agreement and participate in the arbitration two decisions of this court one from last year Poublon versus C.H. Robinson directly addresses the issue of whether the unilateral modification the right to... that was not discussed and so that's not fair rebuttal that the unilateral modification was not discussed fair enough your honor with regard to the cost issue this court's decision in Kilgore versus KeyBank as well as the Supreme Court's decision in Greetree Financial versus Randolph both of those cases determined that if there was no cost provision at all that the agreements nevertheless would be enforceable where especially there's no evidence that the cost will be so prohibitive as to prevent the plaintiffs to vindicate their rights so we believe that the cost issue although it can be severable although it can be interpreted consistent with the law it also is one that wouldn't provide grounds for declaring the agreement unconscionable thank you counsel thank you your honor that case just argued is submitted and we appreciate the very interesting arguments from all three counsel
judges: Graber, Hurwitz, Marbley